IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03455-BNB

BRANDON CHE LEE,

    Petitioner,

v.

COZZA-RHODES,

    Repondent.

---

ORDER OF DISMISSAL

---

    Petitioner, Brandon Che Lee, is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Florence, Colorado. He has filed *pro se* a document asserting that his "sentence is illegal" and that his "Indictment and Judgment is not registered with the court" (ECF No. 1), on December 19, 2013. On December 30, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Lee to respond and show cause why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Lee filed a "Respon[se] to Show Cause" on January 7, 2014.

    The Court must construe Mr. Lee's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

    According to the Public Access to Court Electronic Records (PACER) website,

Mr. Lee was convicted on October 20, 2009 by a jury in the United States District Court for the Central District of California (Central District of California) in Criminal Action No. 07-cr-00207-AG-1 of mail fraud in violation of 18 U.S.C. § 1341; producing false identification documents in violation of 18 U.S.C. § 1028(a)(1); possessing five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3); and, possessing document-making implements in violation of 18 U.S.C. § 1028(a)(5).  On June 2, 2010, the Central District of California sentenced Mr. Lee to 240 months of imprisonment and five years of supervised release, and ordered him to pay restitution of approximately $4.9 million.  The judgment was entered on the docket on June 2, 2010. Mr. Lee's conviction and sentence were affirmed by the  United States Court of Appeals for the Ninth Circuit on January 27, 2012.  *See United States v. Lee*, 465 F. App'x 627 (9th Cir. Jan. 5, 2012) (unpublished).  According to PACER, Mr. Lee did not file a motion pursuant to § 2255 to vacate, set aside, or correct sentence in the Central District of California.

In this case, Mr. Lee asserts that the twenty-year sentence imposed by the District Court for the Central District of California is illegal because the Indictment and Judgments issued in the criminal case were not "registered" or "authenticated" by the court.  (ECF No. 1, at 1-2).

A challenge to the legality of a federal inmate's sentence arises under 28 U.S.C. § 2255 and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined."

*Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). To the extent Mr. Lee seeks relief in this Court under 28 U.S.C. § 2241, he is reminded that a habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Lee fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective to attack his sentence. The mere fact the limitations provisions set out in 28 U.S.C. § 2244(d) would likely render a § 2255 motion untimely does not establish that the statutory remedy is inadequate or ineffective. *See Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (quoting *Williams*, 232 F.2d at 673) (internal quotations and citation omitted); *see also Caravalho*, 177 F.3d at 1179 (internal citations omitted). Accordingly, it is

ORDERED that this action is DISMISSED because Mr. Lee fails to demonstrate that the remedy available to him in the United States District Court for the Central District of California is ineffective or inadequate to test the legality of his detention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lee files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  16th  day of    January         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court